**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | **Case No. 20-07466** |
| **WELL HEALED PET, INC.,** | ) | **Honorable A. Benjamin Goldgar** |
| | ) | **Motion Date: December 7, 2020** |
| **Debtor.** | ) | **Motion Time: 9:30 a.m.** |

**COVER PAGE FOR THIRD INTERIM APPLICATION FOR COMPENSATION**
**OF COUNSEL FOR THE DEBTOR**

**Name of Applicant:**                    Robert R. Benjamin and Beverly A. Berneman
                                          of Golan Christie Taglia LLP

**Authorized to Provide Services to:**    Well Healed Pet, Inc.

**Date of Order Authorizing Employment:** April 13, 2020

**Period for Which Compensation is Sought:** August 12, 2020 to October 31, 2020

**Amounts Sought:**
     **Compensation:**                    $ 13,927.00
     **Expenses:**                        $ 134.20

**This is a:**                            Third Application

**Amounts requested in prior fee applications (if applicable)**:

| Date Filed | Period Covered | Total Requested (Fees & Expenses) | Total Allowed (Fees & Expenses) | Fees & Expenses Previously Paid |
|---|---|---|---|---|
| 5/26/2020 | 3/16/2020-5/15/2020 | $42,665.00 | $42,665.00 | $35,317.00 |
| 8/14/2020 | 5/16/2020-08/11/2020 | $41,051.90 | $41,051.80 | $21,249.00 |

GOLAN CHRISTIE TAGLIA LLP

By: /s/*Robert R. Benjamin*
    Robert R. Benjamin

GOLAN CHRISTIE TAGLIA LLP
70 W. Madison St., Ste. 1500
Chicago, IL 60602
(312) 263-2300
rrbenjamin@gct.law

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | **Case No. 20-07466** |
| **WELL HEALED PET, INC.,** | ) | **Honorable A. Benjamin Goldgar** |
| | ) | **Motion Date: December 7, 2020** |
| **Debtor.** | ) | **Motion Time: 9:30 a.m.** |

## <u>NOTICE OF MOTION</u>

TO:     See Attached Service List

PLEASE TAKE NOTICE that on December 7, 2020 at the hour of 9:30 a.m., I will appear before the Honorable A. Benjamin Goldgar, or any judge sitting in that judge's place, and present the **THIRD INTERIM APPLICATION FOR COMPENSATION OF COUNSEL FOR THE DEBTOR,** a copy of which is attached.

**This motion will be presented and heard electronically using Zoom for Government.** No personal appearance in court is necessary or permitted. To appear and be heard on the motion, you must do the following:

**To appear by video**, use this link:  https://www.zoomgov.com/. Then enter the meeting ID and password.

**To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and password.

**Meeting ID and password.** The meeting ID for this hearing is 161 500 0972 and the password is 726993.  The meeting ID and password can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

| | |
|---|---|
| Robert R. Benjamin | WELL HEALED PET, INC. |
| Golan Christie Taglia LLP | |
| 70 W. Madison St., Suite 1500 | By: */s Robert R. Benjamin* |
| Chicago, IL 60602 | One of its Attorneys |
| (312) 263-2300 | |
| rrbenjamin@gct.law | |

## <u>AFFIDAVIT OF SERVICE</u>

I, Robert R. Benjamin, an attorney, certify that I served a copy of this notice and the attached motion on each entity shown on the attached list at the address shown and by the method indicated on November 16, 2020.


/s/*Robert R. Benjamin*
  Robert R. Benjamin


GOLAN CHRISTIE TAGLIA LLP
Attorneys for the Debtor
70 W. Madison, Ste. 1500
Chicago, IL 60602
P: 312-263-2300
F: 312-263-0939

## SERVICE LIST

Patrick S. Layng
United States Trustee
219 S. Dearborn, #873
Chicago, IL 60604
Via CM/ECF

Matthew Brash
1320 Tower Road
Schaumburg, IL 60173
Via CM/ECF

Illinois Department of Revenue
Bankruptcy Unit
PO Box 19035
Springfield, IL 62794
Via Regular Mail

Associate Area Counsel
200 W. Adams Street, Suite 2300
Chicago, IL 60606
Via Regular Mail

GreatAmerica Financial Services Corporation
Attn: Peggy Upton
625 First Street SE, Ste. 800
Cedar Rapids, IA 52401
Via Regular Mail

Airgas USA, LLC
6055 Rockside Woods Blvd.
Independence, OH 44131
Via Regular Mail

Carlson Investments, LLC
17511 Green Road
Harvard, IL 60033
Via Regular Mial

Well Healed Pet, Inc.
1112 Front Street
McHenry, IL 60050
Via Regular Mail

Byline Bank
c/o Chuhak & Tecson PC
Edmond M Burke
Michael D. Leifman
30 South Wacker Drive, 26th Floor
Chicago, IL 60606
Via CM/ECF

Illinois Attorney General
100 W. Randolph St., 13th Floor
Chicago, IL  60601
Via Regular Mail

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101
Via Regular Mail

Live Oak Banking Company
c/o Chuhak & Tecson, P.C.
Attention: Michael W. Debre
30 S. Wacker Drive, Suite 2600
Chicago, IL 60606
Via CM/ECF

Antech Diagnostics
PO Box 101122
Pasadena, CA 91189
Via Regular Mail

Carol Andersen
c/o Robert E. Swain
3030 Salt Creek Lane, Ste. 202
Arlington Heights, IL 60005
Via Regular Mail

3

Davis, Pickren, Seydel & Sneed
2300 Marquis Two Tower
285 Peachtree Center Avenue, N.E.
Atlanta, GA 30303
Via Regular Mail

Groot, Inc.
PO Box 535233
Pittsburgh, PA 15253
Via Regular Mail

Pitney Bowes
27 Waterview Dr., 3rd Floor
Shelton, CT 06484
Via Regular Mail

Stericycle, Inc.
c/o A.R.M. Solutions, Inc.
P.O. Box 2929
Camarillo, CA 93011
Via Regular Mail

Ron Bykowski
First Midwest Trust Co. #13195
3723 West Elm Street
McHenry, IL 60050
Via Regular Mail

Fora Financial Business Loans, LLC
519 8th Avenue, 11th Floor
New York, NY 10018
Via Regular Mail

Kabbage
925B Peachtree Street NE
Suite 1688
Atlanta, GA 30309
Via Regular Mail

Stearns Bank N.A.
Attn: Legal Department
4191 2nd Street South
St. Cloud, MN 56301
Via Regular Mail

Zoetis US LLC
P.O Box 419022
Boston, MA 02241
Via Regular Mail

David Paul Holtkamp
Trial Attorney
Office of the United States Trustee
219 S. Dearborn St., Rm. 873
Chicago, IL 60604
Via CM/ECF

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | **Chapter 11** |
| | ) | **Case No. 20-07466** |
| **WELL HEALED PET, INC.,** | ) | **Honorable A. Benjamin Goldgar** |
| | ) | **Motion Date: December 7, 2020** |
| Debtor. | ) | **Motion Time: 9:30 a.m.** |

**THIRD INTERIM APPLICATION FOR COMPENSATION**
**OF COUNSEL FOR THE DEBTOR**

The attorneys of the law firm of GOLAN CHRISTIE TAGLIA LLP ("GCT"), counsel for

the Debtor, WELL HEALED PET, INC. ("Debtor"), apply to this Court for an order approving

the payment of interim fees in the amount $12,164.50 for services rendered from August 12, 2020

through October 31, 2020 and the costs of preparing this fee petition in the amount of $1,762.50

for a total of $13,927.00 plus expenses in the amount of $134.20 and in support thereof state as

follows:

**I. JURISDICTION**

This Court has jurisdiction over this Application pursuant to 28 U.S.C. §157 and §1334.

Venue is proper pursuant to 28 U.S.C. §§1408 and 1409. This matter is a core proceeding pursuant

to 28 U.S.C. §157(b).

**II. GENERAL BACKGROUND**

On March 16, 2020 (the "Petition Date"), Debtor filed a voluntary petition relief under

Chapter 11, Subchapter V of the United States Bankruptcy Code.

On April 13, 2020, this Court entered an order allowing the retention of Robert R.

Benjamin, Beverly A. Berneman, and Caren A. Lederer of the law firm of Golan Christie Taglia

LLP ("GCT") as counsel for the Debtor (Docket No. 54).

5

On April 13, 2020 this Court entered an order allowing Debtor's retained professionals permission to seek interim compensation once every sixty (60) days after entry of the order for relief (Docket No. 56).

### III. CASE STATUS

Debtor is in the business of veterinary medicine, pet store, and pharmacy.

Debtor sought protection under Chapter 11, Subchapter V to attempt to reorganize its debts. The Court confirmed the Debtor's Amended Plan on August 10, 2020.

### IV. DESCRIPTION OF THE APPLICATION FOR COMPENSATION

A.    General Information.    Rule 2016(a) of the Bankruptcy Rules requires a detailed application for fees. The primary objective of this fee application is to reveal sufficient information to enable the court to determine whether the services rendered in representing the Debtor were reasonable, actual and necessary. GCT has provided accurate and detailed records of the services which were made contemporaneously with the services performed. *In re Chicago Lutheran Hospital Association*, 89 B.R. 719 (Bkrtcy.N.D.Ill. 1988); *In re Wildman*, 72 B.R. 700 (Bkrtcy.N.D.Ill. 1987).

The statement of services includes a summary, by category, of the work done and time expended in each category. Much care has been taken to properly categorize the activities to the degree possible. Billing judgment was used to exclude hours which were excessive, redundant or otherwise unnecessary. *Hensley v. Eckerhart*, 461 U.S. 424, 76 L.Ed.2d 40, 103 S.Ct. 1933 (1983); In *re Temple Retirement Community, Inc*., 97 B.R. 333 (Bkrtcy. W.D.Tex. 1989); *In re Wildman*, 72 B.R. 700 (Bkrtcy.N.D.Ill. 1987).

B.    Billing Entries.    GCT uses computerized time and billing software in the preparation of a fee petition. This interim fee petition contains a narrative summarizing the nature

6

and purpose of each particular activity or project and the approximate number of hours and compensation sought for each activity.  It contains a statement explaining the significance of the activity as well as the purpose, necessity and appropriateness of each such service.  Where appropriate, it contains a statement of the effectiveness of the activity, alternatives considered, method for choosing the action taken, a statement of any difficult or unusual problems which arose in the case and the manner in which it was addressed.  *In re Wildman*, 72 B.R. 700 (Bkrtcy.N.D.Ill. 1987).

C.      <u>Hourly Charges.</u> GCT charges all clients, including for non-bankruptcy matters, $565.00 per hour for senior partner services; $455.00-$550.00 per hour for partner time; $150.00 per hour for travel time and $175.00 per hour for paralegal time.

## V. BANKRUPTCY LOCAL RULE 5081-1 COMPLIANCE

Bankruptcy Local Rule 5081-1 governs applications for compensation and reimbursements for professional services in cases under Chapter 11. Counsel provides the following discussion in compliance with Bankruptcy Local Rule 5081-1.

## A. COVER SHEET
### *[LOCAL RULE 5082-1(A)]*

Counsel filed a cover sheet required by Local Rule 5082-1(A) simultaneously with the filling of this application for compensation.

7

**B. NARRATIVE SUMMARY**
*SUMMARY LIST OF ALL PRINCIPAL ACTIVITIES AND SUMMARY
OF TOTAL COMPENSATION REQUESTED IN CONNECTION WITH EACH ACTIVITY
[Local Rule 5082-1(B)(1)(a)]*

The summary of all activities is as follows:

| Activity Code | Description of Activity | Invoice Hours | Totals |
|---|---|---:|---:|
| ADM | Administration | 6.90 | 1,753.50 |
| CLM | Claims | 5.00 | 2,327.00 |
| FIN | Financing | 0.10 | 56.50 |
| PLAN | Plan | 15.10 | 8,027.50 |
| | | | |
| **TOTAL** | | **27.10** | **$12,164.50** |

**C. NARRATIVE SUMMARY**
*SUMMARY OF ALL PRINCIPAL ACTIVITIES INCLUDING DETAILS AND DESCRIPTION OF EACH
TASK AND ACTIVITY AND TOTAL COMPENSATION SOUGHT IN THE APPLICATION, HOURLY
RATE FOR EACH PROFESSIONAL WITHIN EACH ACTIVITY AND
NAME AND POSITION OF EACH PROFESSIONAL
[Local Rules 5082-1(B)(1)(b) and (d)]*

From August 12, 2020 to October 31, 2020, the Debtor has incurred $12,164.50[1] in fees at

GCT's customary hourly fee rates, as is more fully set forth in Exhibit A.

The billing rates for each attorney and paraprofessional are identified in Exhibit A and in

section V.E. below.

The following is a detailed narrative summarizing the nature and purpose of each particular

activity or project and the approximate number of hours and compensation sought for each activity:

---

1 Exclusive of fees incurred in preparation of this fee petition in the amount of $1,762.50

8

1.    *ADMINISTRATION*

The activities in the general administration category are those activities which are a necessary part of the representation of the Debtor, such as communications with the Debtor regarding the Debtor's operations, amending schedules, reviewing court proceedings, reviewing monthly operating reports and other court filings, responding to inquiries from creditors, communicating with the United States Trustee's office regarding issues related to the case and monitoring the Debtor's operations. The benefits of these services to the Debtor and its estate were both economic and non-economic. The economic benefits resulted in the Debtor operating smoothly during the reorganization process and assuring its compliance with the administrative requirements of a Chapter 11, Subchapter V debtor. The remainder of the services was of non-economic benefit to the Debtor by promoting the bankruptcy process and the smooth administration of the estate.

An itemized breakdown of the services rendered to the Debtor is attached hereto as Exhibit A.  A general breakdown is as follows:

| Attorney | Position | Hours | Hourly Rate | Amount |
|---|---|---|---|---|
| Robert R. Benjamin (RRB) | Partner | 1.40 | 565.00 | 791.00 |
| Amanda Parmer (AP) | Partner | 3.00 | 175.00 | 525.00 |
| Ryan Tryzbiak (RT) | Paralegal | 2.50 | 175.00 | 437.50 |
| | | 6.90 | | $1,753.50 |

**2.    CLAIMS**

GCT attorneys advised Debtor's management team regarding claims by creditors. Included was obtaining approval of the settlement of a malpractice claim. The benefits of these services to the Debtor and its estate were both economic and non-economic.  The services had an economic benefit in that the claimants' issues were addressed in such a fashion that they did not interfere with Debtor's ongoing operations. The services had a non-economic benefit by promoting the bankruptcy process.

An itemized breakdown of the services rendered to the Debtor is attached hereto as Exhibit A.  A general breakdown is as follows:

| Attorney | Position | Hours | Hourly Rate | Amount |
|---|---|---|---|---|
| Robert R. Benjamin (RRB) | Partner | 1.80 | 565.00 | 1,017.00 |
| Beverly A. Berneman (BAB) | Partner | 2.00 | 550.00 | 1,100.00 |
| Ryan Tryzbiak (RT) | Paralegal | 1.20 | 175.00 | 210.00 |
|  |  | 5.00 |  | 2,327.00 |

**3.    FINANCING**

GCT obtained security endorsements from debtor upon the request of Byline Bank. These services benefited the estate on an economic basis by satisfying the concerns of the secured creditor. These services benefitted the estate on a non-economic basis by protecting the estate.

An itemized breakdown of the services rendered to the Debtor is attached hereto as Exhibit A.  A general breakdown is as follows:

| Attorney | Position | Hours | Hourly Rate | Amount |
|---|---|---|---|---|
| Robert R. Benjamin (RRB) | Partner | 0.10 | 565.00 | 56.50 |
|  |  | 0.10 |  | $56.50 |

4.    *PLAN*

GCT attorneys drafted the Debtor's distribution spreadsheet and prepared documents regarding the issuance of a new series of stock in reorganized debtor. The benefits of these services to the Debtor and its estate were both economic and non-economic. The services had an economic benefit in that in completed the requirements for a reorganized Debtor with the Secretary of State and provided Debtor record of payments to creditors under the Plan. The services had a non-economic benefit by promoting the bankruptcy process.

An itemized breakdown of the services rendered to the Debtor is attached hereto as Exhibit A. A general breakdown is as follows:

| Attorney | Position | Hours | Hourly Rate | Amount |
|----------|----------|-------|-------------|--------|
| Robert R. Benjamin (RRB) | Partner | 6.50 | 565.00 | 3,672.50 |
| Beverly A. Berneman (BAB) | Partner | 7.60 | 550.00 | 4,180.00 |
| Amanda Parmer (AP) | Paralegal | 1.00 | 175.00 | 175.00 |
| | | 15.90 | | $8,027.50 |

## D. NARRATIVE SUMMARY

### STATEMENT OF TIME AND TOTAL COMPENSATION SOUGHT IN THE APPLICATION FOR PREPARATION OF CURRENT OR PRIOR APPLICATION FOR COMPENSATION
*[Local Rules 5082-1(B)(1)(c)]*

GCT requests reimbursement for the preparation of this Third Interim Fee Petition. GCT has constructed this detailed analysis of the fee petition as an aid to the Court and the creditors in determining the reasonableness of the fees requested. Counsel reviewed the fee entries and conducted a "business judgment" audit to insure that the fees requested were reasonable and necessary to the administration of the estate.

An itemized breakdown of the time expended in preparing this Third Interim Fee Petition is attached hereto as Exhibit B.  A general breakdown is as follows:

| Attorney | Position | Hours | Hourly Rate | Amount |
|----------|----------|-------|-------------|--------|
| Robert R. Benjamin (RRB) | Partner | 2.50 | 565.00 | 1,412.50 |
| Ryan Tryzbiak (RT) | Paralegal | 2.00 | 175.00 | 350.00 |

$1,762.50

### E.  Narrative Summary
#### Hourly Rate for Each Professional for Whom Compensation is Requested and Total number of hours Expended by Each Person and Total Compensation Sought for Each
#### [Local Rules 5082-1(B)(1)(d)]

The summary of each professional and the compensation appears in the Detailed Statements of Services which are attached as Exhibits A and B to the interim fee petition. The summary is as follows:

| Name (Initials) | Position | Hours | Rates | Total |
|-----------------|----------|-------|-------|-------|
| Robert R. Benjamin (RRB) | Partner | 12.30 | 565.00 | 6,949.50 |
| Beverly A. Berneman (BAB) | Partner | 9.60 | 550.00 | 5,280.00 |
| Amanda Parmer (AP) | Paralegal | 4.00 | 175.00 | 700.00 |
| Ryan Tryzbiak (RT) | Paralegal | 3.70 | 175.00 | 647.50 |
| TOTAL | | 29.60 | | 13,577.00 |

### F.  Narrative Summary
#### Statement of Compensation Previously Sought and Allowed and Payments Received by Counsel to Date
#### [Local Rules 5082-1(B)(1)(f)]

This is applicant's third fee petition. GCT previously sought compensation, which was awarded on June 22, 2020 (Docket No. 74) and September 15, 2020 (Docket No. 102). On April 13, 2020, this Court entered an order permitting professionals to seek interim compensations once every sixty (60) days after the order for relief was entered (Docket No. 56).

Pursuant to this Court's previous order, the retainer of $1,717.00 was applied against the fees and costs awarded in the First Interim Fee Order. GCT has also received a total of $8,600.00 in post-petition payments from the Debtor, $40,000.00 in post-petition payments from Dr. James Carlson, and $6,249.00 from Subchapter V Trustee Matthew Brash. GCT has applied the funds received post-petition against the First Interim fee and Second Interim fee and cost award, leaving a balance of $27,150.80 due against the First and Second Interim Fee Awards. GCT has received no other funds post-petition from the Debtor or any other source.

### G. NARRATIVE SUMMARY
### TOTAL AMOUNT OF EXPENSES FOR WHICH REIMBURSEMENT IS SOUGHT
### *[Local Rules 5082-1(B)(1)(g)]*

GCT seeks reimbursement for out of pocket expenses in the amount of $134.20 for virtual court appearance fees and postage fees.  See Exhibit A, attached hereto.

### H. NARRATIVE SUMMARY
### STATEMENT AS TO WHETHER THE REQUESTED FEES AND EXPENSES ARE SOUGHT TO BE ALLOWED OR BOTH ALLOWED AND PAID
### *[Local Rules 5082-1(B)]*

Counsel requests that the fees and expenses sought herein be allowed and paid.

### VI. CERTIFICATION

GCT certifies that it has hereby served a copy of the chronological itemization of services rendered to the Debtor.  To date, GCT has not received an objection to the fees.

### VII. THE VALUE OF THE SERVICES FOR WHICH COMPENSATION IS SOUGHT AND PRESERVATION OF THE RETAINER

Section 330(a) of the Bankruptcy Code provides:

(a)    After notice to any parties in interest and to the United States trustee and a hearing, and subject to sections 326, 328 and 329 of this title, the court may award to a trustee, to an examiner, to a professional person employed under section 327 or 1003 of this title, or to the debtor's attorney:

(1)	reasonable compensation for actual, necessary services rendered by such trustee, examiner, professional person, or attorney, as the case may be, and by any paraprofessional persons employed by such trustee, professional person, or attorney, as the case may be based on the nature, the extent, and the value of such services, the time spent on such services, and the cost of comparable services other than in a cases under this title; and

(2)	reimbursement for actual, necessary expenses.

The Bankruptcy Court has the independent authority and responsibility to determine the reasonableness of all fee requests, whether or not objections are filed.  *In re Spanjer Brothers, Inc.,* 203 B.R. 85 (Bkrtcy. N.D.Ill., 1996); *In re Pettibone Corporation*, 74 B.R. 293 (Bkrtcy.N.D.Ill. 1987).  The burden of proof is on the applicant to show that the fees incurred were actual and necessary.  *In re Spanjer Brothers, Inc.,* 203 B.R. 85, 89 (Bkrtcy. N.D.Ill., 1996);  *In re Chicago Lutheran Hospital Association*, 89 B.R. 719 (Bkrtcy.N.D.Ill. 1988); *In re Pettibone Corporation,* 74 B.R. 293 (Bkrtcy.N.D.Ill. 1987).

The representation of the Debtor adequately corresponds with the time and labor expended by GCT.  The various issues involved required experienced bankruptcy counsel.  GCT attorneys have over one hundred (100) years combined experience in the area of bankruptcy law.  Less experienced attorneys would not have handled the matters herein as efficiently and as effectively.  Due to the substantial time expended on behalf of the Debtor, GCT was precluded from accepting cases requiring extensive representation during the initial phase of these cases. GCT was able to accomplish a great deal directed towards aiding the Debtor its reorganization efforts.  Considering the results obtained by GCT the amounts involved are fair and reasonable.  This Court has reviewed and ruled upon numerous fee applications and is in a position to determine that the rates herein are reasonable.

14

## VIII. OBJECTIONS

Any objections this fee application should be submitted in writing filed with this Court and delivered to counsel for the Debtor (address below) on or before December 4, 2020.

## IX. CONCLUSION

WHEREFORE, GOLAN CHRISTIE TAGLIA LLP requests that this court enter an Order:

A.      Determining that the legal services and fees incurred in this fee petition were necessary and reasonable;

B.      Allowing interim compensation as counsel for the Debtor in the amount of $12,164.50 for fees incurred from August 12, 2020 through October 31, 2020 plus the costs of preparing this fee petition in the amount of $ 1,762.50 for a total of $13,927.00;

C.      Allowing reimbursement of out of pocket expenses in the amount of $134.20; and

D.      Granting such other and further relief as this Court may deem just and proper.

Dated: November 16, 2020                    GOLAN CHRISTIE TAGLIA LLP


                                            By:  /s/*Robert R. Benjamin*
                                                    Robert R. Benjamin

Robert R. Benjamin (ARDC #0170429)
Beverly A. Berneman (ARDC #6189418)
GOLAN CHRISTIE TAGLIA LLP
Attorneys for the Debtor
70 W. Madison, Ste. 1500
Chicago, IL 60602
P: 312-263-2300
F: 312-263-0939
rrbenjamin@gct.law
baberneman@gct.law